No. 353
TAYLOR v. HAYES
Ohio Appeals, 6th Dist., Lucas Co.
No. 1528. Decided March 2, 1925.

1104. STATUTE OF LIMITATIONS—Lien for amount paid at delinquent tax sale, runs from time court has declared deed invalid, and not from date money was paid.

YOUNG, J.

This action was commenced in the Lucas Common Pleas by Birchard Hayes to recover a balance due on two unpaid promissory notes and to foreclose a mortgage on certain lots. Hayes alleged that Henry C. Taylor claimed a lien or interest in said premises, and prayed that he be compelled to assert same. Taylor then set up his lien and cross petition for an amount paid by him at a delinquent tax sale, which, together with taxes and assessments, amounts to $2479.90. Taylor averred that in May 1919, he received the auditor's delinquent land deed on said premises, and in March 1924

## STATE COURT OF APPEALS—Continued

the Common Pleas Court held the deed to be invalid; but that court expressly held that it did not undertake to determine the question of the lien.

Demurrers were filed to the cross petition by Hayes, and a defendant Bank on the ground that the action was not brought within statutory time, which was 6 years, and they were sustained by the court, who dismissed the answer and cross petition of Taylor, and entered final judgment for Hayes. Error was prosecuted and the Court of Appeals held:

1. That the sale did not prove invalid until the court had declared it so on March 19, 1924, at which time the Statute of Limitations began to run.

2. Whatever right Taylor has by way of lien is purely statutory and under 11222 GC, 5724 GC and 2880 Revised Statutes he is entitled to recover the amount paid for said lots, together with taxes and assessments, and interest on each payment from the time it was made. Elmwood Place v. Schanzle, 91 OS 357, cited.

Judgment of the lower court reversed and case remanded with instructions to overrule demurrers.

Attorneys—F. M. Dotson for Taylor; M. C. Seeley and E. P. Buckenmyer for Hayes; all of Toledo.